FILED

2007 Jul-26  PM 03:17
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

THE GUARANTEE COMPANY OF )
NORTH AMERICA, U.S.A.,

     )

     PLAINTIFF,

     )

VS.                            2:07-cv-813-JHH

     )

PERRY COUNTY COMMISSION,
a political subdivision of the State   )
of Alabama,

     )

     DEFENDANT.

## MEMORANDUM OF DECISION

The court has before it the June 5, 2007 motion (doc. #19) of the defendant Perry County Commission ("the Commission") to dismiss the complaint.  Pursuant to the court's June 11, 2007, June 20, 2007, and July 10, 2007 orders, the motion was deemed submitted, without oral argument, on July 20, 2007.

## I.  Procedural History

Plaintiff The Guarantee Company of North America, USA (GCNA) commenced this action on May 2, 2007 by filing a complaint in this court arising out of issues related to the performance of certain construction services by Red Sullivan's Conditioned Air Services, Inc. (RSCAS) at the Perry County Jail.

Plaintiff's complaint seeks the enforcement of its rights of exoneration and indemnification against RSCAS, Edward R. Sullivan, Hollie R. Sullivan and Marlene L. Sullivan (collectively "the Sullivan defendants"), and a judicial declaration of plaintiff's obligations, if any, to the Commission under the performance bond.  It is undisputed complete diversity of citizenship exists on the face of the complaint and that subject matter jurisdiction is proper under 28 U.S.C. § 1332.

On June 5, 2007, the Commission filed a pro forma motion (doc. #19) to dismiss, stating that the complaint did not state a cause of action and that there is no justifiable controversy.  On July 10, 2007, the Commission filed a brief (doc. #22) in support of its motion to dismiss.  On July 12, 2007, GCNA filed a stipulation of dismissal (doc. #24) under Federal Rule of Civil Procedure 41(a)(1)(i), voluntarily dismissing the Sullivan defendants without prejudice.  On July 13, 2007, the court entered an order (doc. #25) dismissing, without prejudice, all the claims in the complaint as to all defendants except the Commission.  Then, on July 20, 2007, GCNA filed its brief (doc. #26) in opposition to the Commission's motion to dismiss the complaint.

## II.  Standard for Evaluating a Motion to Dismiss

The defendants ask the court to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and argue that plaintiff has failed to state a claim upon which relief may be granted.  "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'"  Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting GSW, Inc. v. Long County, 999 F.2d 1508, 1510 (11th Cir. 1993)).  The court must draw all "reasonable inferences" in favor of the plaintiff.  St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45–46 (1957).

## III.  Discussion

The Commission makes two arguments in support of its motion to dismiss. First, the Commission contends that the case should be dismissed because GCNA and the Sullivan defendants share a common interest in the resolution of this dispute and should be realigned as co-plaintiffs, thus destroying diversity. Second, in the alternative, the Commission argues that the complaint should be

dismissed because the claim is barred under Alabama Code § 11-12-8.  The court addresses both arguments in turn.

As to the Commission's first argument, GCNA filed a stipulation of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(i) as to all claims against the Sullivan defendants.  Pursuant to the stipulation, the court entered an order dismissing, without prejudice, those claims.  This dismissal renders the Commission's argument regarding realignment of the parties moot.

The Commission's second argument, however, has merit.  Alabama Code § 6-5-20 states that no action against a county may be commenced until "the claim has been presented to the county commission, disallowed or reduced by the commission and the reduction refused by the claimant.  Alabama Code § 11-12-8 requires that such a claim be presented within 12 months of the accrual of the claimant's cause of action.

The Alabama Supreme Court has explained that "[s]ection 11-12-8, which bars claims against the county not presented within 12 months from the time they accrue, is actually a statute of nonclaim."  Groeschner v. Mobile County, 512 So.2d 70, 72 (Ala. 1987).   The motivation behind the creation of a statute of nonclaim is to provide county governments with a broader defense than that provided by the statute of limitations, to bar not only remedies but also to

extinguish debts and liabilities.  Ivory v. Fitzpatrick, 445 So.2d 262, 264 (Ala. 1984).  Additionally, "the purpose of § 11-12-8 . . . is 'to prevent and guard against excessive and embarrassing demands on the revenue of a particular year, growing out of occurrences in the too distant past.'"  Chumney v. Houston County, 632 So.2d 1328, 1329 (Ala. 1994) (quoting Groeschner, 512 So.2d at 72).

GCNA contends that its claim for declaratory relief does not fall into the category of claims required to be submitted to the county because it "is not seeking monetary relief from [the Commission], but rather a judicial declaration of its obligations, if any, to [the Commission] under a performance bond."  This argument fails under Alabama law.

GCNA is correct in noting a distinction with respect to the applicability of the notice-of-claim statute between legal and equitable relief.  In Mobile County v. Barnes-Creary Supply Co., 142 So. 72 (Ala. 1932), the Alabama Supreme Court considered the propriety of an injunction preventing a county, as well as other entities, from constructing a highway abutting the complainant's property where the complainant had not presented his claim to the county commission before filing a suit in equity.  The Alabama Supreme Court affirmed the injunction, reasoning as follows:

It is further argued that the bill was demurrable for a failure to show a presentation of an itemized, verified claim against the county. . . . But we do not interpret the statute [now Ala. Code § 11-12-8] as applicable to a case of this character.

> Application for injunction presupposes necessity for immediate action that adequate relief may be had.  And, as said by the Washington court in <u>Kiser v. Douglas County</u>, 70 Wash. 242, 126 P. 622 [1912], if the statute be so construed as applicable to such a case as this, "it would follow that in all cases where a claim for equitable relief existed the party aggrieved would be obliged to suffer a threatened injury or invasion of property right before he could obtain redress or relief." And in <u>Sammons v. Gloversville</u>, 175 N.Y. 346, 67 N.E. 622 [1903], a similar statute was held to have no application to a suit on the equity side of the court.  We think the holding of these authorities sound, and approve the same.

> The case of <u>Jones v. Jefferson County</u>, . . . upon which appellant relies, was not a case of this character, but an action at law, and is here inapplicable.

<u>Id.</u> at 73-74.

Therefore, the county notice-of-claim statutes are inapplicable to claims that seek historically equitable, as opposed to legal, remedies.  <u>See</u> <u>also</u> <u>Ford v. Jefferson County</u>, 774 So.2d 600, 605 (Ala. Civ. App. 2000).  However, under Alabama law, "a declaratory judgment establishing a legal relation or legal status is a legal, and not an equitable judgment."  <u>Reid v. City of Birmingham</u>, 150 So.2d 735, 755 (Ala. 1963).  <u>See</u> <u>also</u> <u>Ex Parte Bennett</u>, 622 So.2d 1307, 1309 (Ala. 1993); <u>Ford</u>, 774 So.2d at 605 n.2.

The complaint seeks "a judicial declaration of plaintiff's obligations, if any, to the Commission under the performance bond."  Under Alabama law, this claim is a legal claim, and Alabama Code § 11-12-8 applies.  It is undisputed that plaintiff did not present its claim to the commission within 12 months of its accrual.  As such, this claim is due to be dismissed.

### IV.  Conclusion

For the foregoing reasons, the motion (doc. #19) to dismiss is due to be granted.  A separate order will be entered dismissing the entire action.

**DONE** this the ___26th___ day of July, 2007.

_James H. Hancock_

_____

SENIOR UNITED STATES DISTRICT JUDGE